**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| v.       ) | Criminal Action No. 06-21 (RBW) |
| ) | |
| CINQUAN BLAKNEY, et al.,    ) | **UNDER SEAL** |
| ) | |
| Defendants.    ) | |
| ) | |
| ) | |

**ORDER**

Currently before the Court in this eight-defendant case is the government's motion for exclusion of time under the Speedy Trial Act.[1] October 5, 2006 Motion ("Motion"). In this motion, the government asks that 180 days be excluded from Speedy Trial Act calculations once all defendants have been arraigned, given (1) the complexity of the case; (2) "the voluminous nature of the evidence on which the [115-count] indictment in th[e] case is based"; (3) "[t]he number of individual defendants and separate counts [in the indictment]"; and (4) the extra time needed "to prepare a vast amount of material for trial presentation" and to "facilitate dispositions short of trial." Motion at 4, 7. On November 1, 2006, the Court directed any defendant opposing the government's motion to file an opposition by November 10, 2006. None have done so. Therefore, after carefully reviewing the government's motion and the facts of this case, the Court

---

[1] The Speedy Trial Act requires that a defendant be brought to trial within seventy days of either the defendant's first appearance before a judicial officer or the filing of an indictment, whichever is later. 18 U.S.C. § 3161(c)(1) (2000). The Act further provides that the judge may exclude time from the Speedy Trial Act calculations upon a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). One factor that may be taken into account in making this finding is whether "[a] case is so unusual or complex, due to the number of defendants[ or] the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Act]." 18 U.S.C. § 3161(h)(8)(B)(ii).

concludes that the case is so unusual or complex, especially in light of the number of defendants, the number of counts in the indictment, and "the vast amounts of discovery material" supporting the indictment, id. at 4, "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Speedy Trial Act]." 18 U.S.C. § 3161(h)(8)(B)(ii). Accordingly, it is hereby

**ORDERED** that the government's motion for exclusion of time is GRANTED. A period of 180 days shall be excluded from Speedy Trial Act calculations. Such period will commence when the last of the eight defendants charged in this case is brought before this Court for arraignment.[2]

**SO ORDERED** this 21st day of December, 2006.

REGGIE B. WALTON
United States District Judge

---

[2] The Act provides for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 316(h)(7). This has been interpreted to mean that "all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant," even when the latest co-defendant has not yet appeared in court. Henderson v. United States, 476 U.S. 321, 323 n.2 (1986); see, e.g., United States v. Casas, 425 F.3d 23, 31 (1st Cir. 2005) (applying Henderson to find that "the [Speedy Trial Act] clock does not . . . begin to run until the date of the most recent defendant's initial appearance before the Court) (citations omitted); United States v. Eady, 64 Fed. Appx. 874, 875 (4th Cir. 2003) (per curiam) (finding that "[u]nder the Speedy Trial Act, a defendant must be tried within seventy days from the filing date of the indictment or from the date the last co-defendant to appear has appeared before a judicial officer, whichever date is later") (citing Henderson) (other citation omitted) (emphasis added); United States v. Franklin, 148 F.3d 451, 455 (5th Cir. 1998) (finding that "[u]nder [§ 316(h)(7)], the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court") (footnote omitted).

Here, according to the government's motion, seven of the eight defendants charged in this indictment have been arrested, and investigating agents "are working diligently to locate [the remaining defendant] for prosecution." Motion at 2. Therefore, the Speedy Trial Act calculations will not commence until the eighth co-defendant makes his initial appearance in court, as long as this period of delay is not unreasonable. See 18 U.S.C. § 316(h)(7); Henderson, 476 U.S. at 323 n.2.