IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-21-06(RBW) |
| ) | Judge Reggie B. Walton |
| JAMES MORGAN, et al. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND STATEMENTS
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, James Morgan, by and through his counsel Brian K. McDaniel and McDaniel & Asso. P.A., respectfully moves this Court to suppress all physical evidence seized in violation of the Fourth Amendment as a result of the execution of a search warrant at 119 Cree Drive, Forest Heights Maryland. Such evidence includes, but is not limited to ammunition a handgun and narcotics. Mr. Morgan also moves, under the Fourth Amendment to suppress any items found during the continued investigation as a result of the illegal search and seizures, as fruit of the poisonous tree. The grounds for this motion are more fully stated in the accompanying memorandum of law. Mr. Morgan requests an evidentiary hearing on this motion.

Respectfully submitted,

_____
Brian K. McDaniel, Esq.
McDaniel & Asso. P.A.
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone (202) 331 – 0793
bkmassociates@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>JAMES MORGAN, et al.                      )<br>)<br>Defendant.                )<br>_____) | Criminal No. 06-21-06(RBW)<br>Judge Reggie B. Walton |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO SUPPRESS TANGIBLE EVIDENCE

A.   **BACKGROUND**

The Defendant, James Morgan is charged in a one hundred and fifteen count indictment. The indictment alleges that the defendant unlawfully distributed and possessed with the intent to distribute: a mixture and substance of one kilogram or more of heroin; a mixture and substance of five kilograms or more of cocaine; a mixture and substance of 50 grams or more cocaine base; a mixture and substance of one kilogram or more of phencyclidine (PCP); and a mixture and substance of cannabis

B.                    **ARGUMENT**

  1.   **The Evidence Must Be Suppressed Because The Warrant Is Not Supported By Probable Cause And No Good Faith Exception Applies.**

The test for determining probable cause is whether the facts presented to a judicial officer establish a "substantial probability" that the items sought will be found at the target location. *Illinois v. Gates*, 462 U.S. 213 (1983). Probable cause is determined under a "totality of the circumstances" analysis. Id. Evidence seized pursuant to a warrant lacking probable cause must be suppressed if exclusion of the evidence "will further the purposes of the exclusionary rule." *United States v. Leon*, 468 U.S. 897, 918 (1984).

When an affidavit is lacking in probable cause, evidence seized pursuant to the warrant may be admitted only where the "affidavit was made in good faith, the warrant was issued by a detached and neutral magistrate and the warrant was reasonably relied on in good faith by the police officers." *United States v. Richardson*, 861 F.2d 291, 294 (D.C. Cir 1988) (citing *Leon*, 468 U.S. 897).

In this case, the affidavit is lacking in probable cause to believe that contraband was present inside the 119 Cree Drive, Forest Heights, Maryland. The warrant hinges on an affidaivt that is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *See United States v. Edelen*, 529 A.2d 774, 786 (D.C. 1987).

While it appears that the affiant did make some steps towards attempting to establish a connection between Mr. Morgan and this property, there is not even the slightest support present for any nexus with regard to the address for which the search warrant was sought and any likelihood that those items listed in the search warrant would be found in that particular location. "A magistrate's determination of probable cause justifying the issuance of a warrant must be supported by an affidavit that discloses the underlying circumstances from which the affiant has concluded that his information is reliable must contain a statement of the underlying circumstances which enable the magistrate independently to judge of the validity of the affiant's conclusion that the things to be seized are where he says they are." *U.S. v. Bailey*, 458 F.2d 408 (9th Cir. 1972) citing *Aguilar v. Texas*, 378 U.S. 108 (1964).

Nor may the government find safe harbor in the *Leon* exception. Under that doctrine, the affidavit must be made in good faith, and the warrant reasonably must be

relied upon in good faith by the executing officers. Here, the affiant was aware of the absence of any connection between the residence and the at issue evidence.

Furthermore, the probable cause stated by the affiant in the instant case, is contingent on information provided by several confidential sources (CS) that may or may not have known of Mr. Morgan specifically, but may know of his affiliation with other co-defendants in the above-captioned matter. "One's associations alone cannot support a reasonable suspicion of involvement in criminal activity." Sibron v. New York, 392 U.S. 40, 62 (1968). The Court in Sibron, rejected as unreasonable the inference that persons who talk to narcotics addicts (coupled with the facts in the instant matter, alleged narcotics dealers) are engaged in narcotics trafficking. Furthermore, in Thompson v. United States, 745 A.2d 308, 315 (D.C. 2000), it was held that mere association with the co-defendant was insufficient to infer that other co-defendants were engaged in criminal activity. Said information provided by confidential sources of Mr. Morgans' mere association with his co-defendants in the instant matter does not necessarily support the contention that Mr. Morgan was involved in any of the activities that he is accused of.

Moreover, in consideration of the "totality of the circumstances" the credibility of the purported sources is biased and the information provided extremely questionable. This information alone is insufficient to establish the probable cause requisite of issuing a search warrant in support thereof.

The Supreme Court stated in Illinois v. Gates, supra, 462 U.S. 213, "that an informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of his report."

Given the aforementioned circumstances, the evidence should be suppressed.

**2.       The Evidence Should Be Suppressed Under *Franks v. Delaware*
                And Its Progeny.**

Even if the Court determines that the affidavit is not lacking in probable cause on its face, the evidence should be suppressed because the affidavit was misleading in material respects and omitted critical facts that would have undermined the basis for the issuing judge's probable cause finding. Generally speaking, "in order to challenge [an] affidavit successfully, the defendant must show that (1) the affidavit contained false statements; (2) the statements were material to the issue of probable cause; and (3) the false statements were made knowingly and intentionally, or with reckless disregard for the truth." *Richardson*, 861 F.2d at 293 (*citing Franks v. Delaware*, 438 U.S. 154. 155-56 (1978). A "false statement" may include a material omission. *See, e.g.,* **United States v. Johnson, 696 F.2d 118 n.21 (D.C. Cir. 1982)** ("the reasoning of *Franks* 'logically extends… to material omissions'" (citing 2 W. LaFave, Search and Seizure § 4.4 (Supp. 1982)).

In the instant case, the affiant provided the magistrate with no concrete information associating Mr. Morgan with any wrong-doing as to sufficiently substantiate procurement of a search warrant.

**A *Franks* hearing is necessary in this case if the Court determines that the affidavit is facially sufficient. First the fact that the affiant failed to inform the issuing judicial officer of the conflicting information in its possession is a material omission.** Second, the affiant acted at least recklessly in failing to provide such critical information to the issuing judicial officer – not to mention failing to make any assertion of a nexus between the address to the at issue evidence or the affiant's investigation at the time. Finally, the affiant's statements were material to the issue of probable cause. If the

information concerning the absence of any causal connection between Mr. Morgan and the affiant's investigation, had been included in the affidavit, a reasonable judicial officer could not have concluded that probable cause existed for the issuance of a warrant. After a *Franks* hearing, the evidence should be suppressed.

### 3.  All Evidence Must Be Suppressed Because It Was Obtained In Violation Of The Knock And Announce Requirement

The Fourth Amendment provides that "[t]he right of the people to be secure in their… houses…against unreasonable searches and seizures, shall not be violated." The importance of this right has not eroded in the Supreme Court's jurisprudence. *See Payton v. New York*, 445 U.S. 573, 585 (1980) ("the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed")(citations omitted.).

Law enforcement officers are required to comply with the knock and announce requirement of the Fourth Amendment and 18 U.S.C. §3109. With rare exceptions not applicable here, §3109 forbids entry unless an officer gives "notice of his authority and purpose" and is "refused admittance." When the police assert that admittance was refused, the Court must employ a "highly contextual analysis, examining all the circumstances of the case, to determine whether the record establishes the existence of a constructive refusal" to enter. *See United States v. Bonner*, 874 F.2d 822 (D.C. Cir. 1989); *see also Richards v. Wisconsin*, ____U.S.____, 117 S.Ct. 1416 (1997) (rejecting blanket exception to the knock and announce requirement).

In the present case, an evidentiary hearing will show that the officers made an illegal entry into the residence. There is nothing within the affiant's restatement of the warrant's execution that evidenced that officers knocked, announced their authority, and waited for an appropriate period of time. Mr. Morgan further submits that the facts

adduced at a hearing will show that the police did not otherwise gain lawful authority to enter. Accordingly, all physical evidence should be suppressed under the Fourth Amendment and 18 U.S.C. §3109.

    4.    Any Statement Given By Mr. Morgan Was Taken in Contravention Of His Constitutional Rights.

On August 23, 2006, Mr. Morgan was arrested in connection with the at issue indictment. Thereafter Mr. Morgan provided a statement to law enforcement. The statement taken from Mr. Morgan should be suppressed as it was taken in violation of the requirements outlined in *Miranda v. Arizona,* 384 U.S. 436 (1966). Circumstances which will evidence the involuntary waiver of any of his constitutional rights are the defendants familiarity with his rights, the amount of time he was held prior to the statement being given and the hostile environment with which he was confronted prior to the provision of the statement.

## CONCLUSION

For the reasons stated above, and for any other reasons that the Court may deem just and proper, defendant, Morgan requests that all physical evidence recovered as a result of the execution of a search warrant on January 13, 2006 be suppressed from use at trial. Mr. Morgan also requests that any statement given in contravention of his constitutional rights be suppressed.  Mr. Morgan requests an evidentiary hearing on this motion.

Respectfully submitted,

_____
Brian K. McDaniel
McDaniel & Asso. P.A.

                              1211 Connecticut Ave. N.W.
                              Suite 506
                              Washington, D.C. 20036
                              Telephone (202) 331 – 0793

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2006, a copy of the foregoing Motion for To Suppress Evidence has been electronically filed and copy foregoing to the Clerk of the District Court, Criminal Division and all attending Assistant United States Attorneys associated with this matter .

                                                _____
                                                Brian K. McDaniel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE UNITED STATES | * | |
| | * | |
| | * | |
| | * | |
| vs. | * | Criminal Case No.:04-379 |
| | * | |
| | * | |
| FREDERICK A. MILLER, *et al.* | * | |
|     Defendant | * | |

*******************************************************************

## ORDER

Upon consideration of the defendant's Motion To Suppress Tangible Evidence, any opposition thereto and all of the information in the possession of this court, it is hereby this _____ day of _____, 2006,

ORDERED, that a hearing in the above-captioned matter will be held on _____ day of _____, 2006;

_____
Judge R. Lamberth